IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD A. HERRINGTON,**

    Plaintiff,

v.                                                                      Civil Action No. **3:23CV696 (RCY)**

**CANDACE HAGEN,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

    Plaintiff, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action. Herrington named as Defendants the following: Candace Hagen, a registered nurse at DCC; Tiffany Powell, a registered nurse at DCC; Doctor Mark Amonette, Chief Director of the Virginia Department of Corrections ("VDOC") Medical; and Unnamed and Unknown VADOC and Vital Core Employees who have not been served. Plaintiff has filed a variety of motions that the Court addresses here. For the reasons set forth below, the Court grants some of the relief Plaintiff seeks, while denying the remainder.

    First, Plaintiff filed a Motion for Extension of Time to Respond to Defendant Powell's and Triplett's[1] Motion to Dismiss ("Motion for Extension of Time," ECF No. 46). The Motion for Extension of Time (ECF No. 46) will be GRANTED to the extent that any response is due within twenty (20) days of the date of entry hereof.

    Second, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 49). Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This

---

[1] The Clerk is DIRECTED to update the docket to reflect that Candace Hagen's name is Candace Triplett. *See* ECF No. 39, at 1.

action presents no complex issues or exceptional circumstances. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Accordingly, Plaintiff's Motion for Appointment of Counsel (ECF No. 49) will be DENIED WITHOUT PREJUDICE.

Under Federal Rule of Civil Procedure 4(m),[2] Plaintiff had 90 days to serve Defendants. Here, that period commenced on February 6, 2024. More than 90 days elapsed, and Plaintiff had not served Defendants Unknown VADOC and Vital Core Employees. Accordingly, by Memorandum Order entered on July 25, 2024, the Court directed Plaintiff to show good cause for his failure to timely serve these Defendants. ECF No. 18. On August 21, 2024, the Court granted Plaintiff an extension of sixty (60) days to identify and serve Defendants Unknown VADOC and Vital Core Employees. ECF No. 23, at 2. The Court explained that if Plaintiff had not served Defendants Unknown VADOC and Vital Core Employees by that time, the Court would dismiss them from the action. *Id.* By Memorandum Order entered on September 25, 2024, the Court explained that "[t]o the extent that Plaintiff asks the Court to contact the VDOC Human Resources or Vital Core to obtain the Unknown Defendants' names or to order counsel for Defendant Amonette and other non-parties to provide that information, those requests (ECF Nos. 25, 28) are DENIED." ECF No. 31, at 2. The Court also reminded Plaintiff as follows:

> Plaintiff indicates that this "Court is unwilling to allow Discovery to name, unknown defendants." (ECF No. 28, at 3.) This Court has not limited Plaintiff's

---

[2] Rule 4(m) provides, in pertinent part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

2

> ability to conduct discovery and Plaintiff is free to seek it on his own behalf subject to certain limitations. Discovery is to be conducted on an informal basis. No motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). The Court reminds Plaintiff that discovery requests must be reasonable and relevant to the issues presently before the Court. Plaintiff must also certify that a good faith effort has been made to resolve the discovery matter at issue by conferring with counsel for the defendants regarding the resolution of such matters. Fed. R. Civ. P. 37(a)(1).

*Id.* at 2 n.1. The Court also reminded Plaintiff that it remained his responsibility to obtain sufficient information to serve Defendants Unknown VADOC and Vital Core Employees. *Id.* at 2–3 (citing ECF No. 23, at 2).

On October 21, 2024, instead of providing the Court with the identifies and the addresses of Defendants Unknown VADOC and Vital Core Employees, Plaintiff filed a "Motion for Discovery and Continuance." ECF No. 36, at 1 (capitalization corrected). Plaintiff attaches discovery requests that he mailed to the "Defendants/attorneys in a good faith effort to resolve the discovery issue." *Id.* at 2. As the Court has already reminded Plaintiff, no motion concerning discovery may be filed with the Court until the parties have made a good faith effort to resolve all legitimate discovery disputes. *See* E.D. Va. Loc. Civ. R. 37(E). Plaintiff clearly has received informal discovery from counsel for Defendant Amonette. Accordingly, to the extent that he seeks any action from the Court, the "Motion for Discovery and Continuance" (ECF No. 36) will be DENIED WITHOUT PREJUDICE. As discussed below, Plaintiff's request for a 90-day continuance will also be DENIED.

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)).

3

Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). At most, he states he "has no ability to call the Defendants." ECF No. 36, at 1. Furthermore, nothing submitted by Herrington gives this Court any indication that the Defendants Unknown VADOC and Vital Core Employees will be properly served at any time in the future. *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the 120 day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07–CV–00474–

LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future."); *see Villeneuve v. Connecticut*, No. 09-13-P-S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants.").

Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court is unpersuaded that the circumstances warrant a second discretionary extension, therefore the request for a 90-day continuance (ECF No. 36) will be DENIED. Accordingly, all claims against Defendants Unknown VADOC and Vital Core Employees will be DISMISSED WITHOUT PREJUDICE.

Counsel for Defendant Amonette has filed a Motion to Stay Discovery (ECF No. 42) and a Response in Opposition to the "Motion for Discovery and Continuance" (ECF No. 41). From Herrington's submissions, it is clear that he has learned through discovery the identities of some or all unknown Defendants (*see* ECF No. 50, at 1), and the parties are currently engaged in discovery. Moreover, at this juncture, the matter is before the Court on a Motion to Dismiss, and two additional parties have not yet filed a response. Accordingly, the Motion to Stay Discovery (ECF No. 42) will be GRANTED IN PART. Discovery will be stayed except for the discovery of the identities of the unknown parties.

Herrington filed a Motion to Supplement the Identities of Previously Unknown Unnamed Defendants Pursuant to Fed. R. Civ. P. 15(d) ("Motion to Supplement," ECF No. 50). In the

Motion to Supplement, Herrington asks the Court to "supplement the complaint with the new Defendants," and asks the Court to simply add Alvin E. Harris, MD and VitalCore Health Strategies, LLC, to the action. *Id.* at 1. Herrington has not properly named those parties in a complaint. If Herrington wishes to pursue claims against those newly identified parties, he must file an amended complaint that incorporates all claims against any party.[3] Herrington may not simply spackle new defendants into an existing complaint. Therefore, Herrington's Motion to Supplement (ECF No. 50) will be DENIED. Any amended complaint must be filed within twenty (20) days of the date of entry hereof.

Herrington has also filed a Motion to Defer Ruling on Summary Judgment/Motion to Dismiss in order to conduct discovery ("Motion to Defer," ECF No. 48). There is no motion for summary judgment pending before the Court and the parties' ability to conduct discovery has no bearing on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which seeks dismissal based on the pleadings. Accordingly, the Motion to Defer (ECF No. 48) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: December 23, 2024
Richmond, Virginia

---

[3] At that time, Plaintiff must file a motion for leave to amend with an accompanying brief, and the proposed amended complaint. A proposed amended complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. This means that the Court will only consider the new amended complaint and will not consider anything in an old complaint. The amended complaint must stand or fall of its own accord and contain a prayer for relief.