IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DONALD A. HERRINGTON,**

    Plaintiff,

v.                                                             Civil Action No. **3:23CV696 (RCY)**

**CANDICE HAGEN,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Donald A. Herrington ("Plaintiff"), a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action. On April 17, 2025, United States Magistrate Judge Mark R. Colombell issued a Memorandum Order directing Plaintiff to file a Second Particularized Complaint within thirty days of the entry thereof. ECF No. 66. The matter is now before the Court on Plaintiff's Motion to Vacate/Objections to Magistrate Judge[']s Order ("Motion to Vacate"), ECF No. 67, filed four days before the expiration of Judge Colombell's particularized complaint filing deadline, in which Plaintiff seeks relief from Judge Colombell's Order and asks the Court to grant Plaintiff's Motion to Amend and Supplement, ECF No. 62, and Motion to Exceed 20 Pages, ECF No. 63. Plaintiff has also filed a Motion for Appointment of Counsel, ECF No. 68, and a Motion to Stay the Magistrate Judge[']s Order ("Motion to Stay"), ECF No. 69. For the reasons set forth below, the Court will deny the Motion to Vacate, deny the Motion to Appoint Counsel, and deny the Motion to Stay as moot.

**I. PROCEDURAL HISTORY**

Plaintiff initiated this action on October 25, 2023. ECF No. 1. Pursuant to the authority delegated to him by the District Court, *see* 28 U.S.C. § 636(b)(1)(A), Magistrate Judge Mark R. Colombell conducted the screening required by the Prison Litigation Reform Act (PLRA), 28

U.S.C. § 1915(e)(2), and authorized Plaintiff to proceed with the litigation and serve the defendants. ECF Nos. 2, 3. After being granted various extensions of time to serve Defendants, Plaintiff ultimately did so, though he also sought discovery into the identity of additional, unknown defendants. *E.g.*, ECF No. 36. On October 30, 2024, Defendants Candice Hagen and Tiffany Powell filed a Motion to Dismiss. ECF No. 38. Various additional motions were thereafter filed by both Plaintiff and multiple Defendants. ECF Nos. 42, 46, 48, 49, 50.

By Memorandum Opinion and Order entered on December 23, 2024, the Court ordered, *inter alia*, that if Plaintiff desired to file an amended complaint to add new claims and new parties, he should do so within twenty days. ECF Nos. 53, 54. The Court thereafter granted Plaintiff an extension until February 7, 2025, to file his amended complaint. ECF No. 56. The Court noted that any such amended complaint must be accompanied by a motion to amend and accompanying brief; the Court also articulated how any "proposed amended complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant[, and that] Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right." *Id.* at 1 n.1.

On February 3, 2025, Plaintiff filed the necessary Motion for Leave to Amend, ECF No. 57, accompanied by an eighty-three-page Proposed Amended Complaint, ECF No. 57-1. By Memorandum Order entered on February 19, 2025, the Court denied the Motion to Amend because the Proposed Amended Complaint "wholly fail[ed] to comply with Federal Rule of Civil Procedure 8(a)." ECF No. 60. Because of this deficiency, the Court ordered Plaintiff to file a *particularized* complaint within thirty days, and it directed that the particularized complaint should conform to the following directives:

      a.     At the very top of the particularized pleading, Herrington is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:23CV696."

      b.     The first paragraph of the particularized pleading must contain a list of defendants.

      c.     In the second paragraph, Herrington must legibly set forth a short narrative statement of the facts that he believes gives rise to his claims for relief. This means he must provide a description or recount the story of the event or actions that led to him bringing this lawsuit. Herrington must state how each Defendant was personally involved in the events he describes.

      d.     In the third paragraph, Herrington must identify each federal or civil right violated. Under each section, Herrington must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. This means Herrington must clearly state why he believes that each Defendant violated his constitutional rights based on the facts he has provided. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion.

      e.     Finally, Herrington must include a prayer for relief.

      f.     The particularized pleading will supplant the prior complaints and may be no longer than TWENTY (20) pages in length. This means the Particularized Complaint will REPLACE any earlier complaint, so Herrington must include any claim or allegation that he wants the Court to consider. The particularized pleading must stand or fall of its own accord. This means Herrington may not incorporate by reference statements in the prior complaints.

*Id.* at 4. The Court cautioned that failure to comply with the foregoing would result in dismissal of the action. *Id.* (citing Fed. R. Civ. P. 41(b)). The Court's Memorandum Order also cautioned that Plaintiff's particularized complaint must "comport with the joinder requirements" as recited therein, and warned that any defendants added in violation of the joinder requirements would be dismissed *sua sponte* by the Court. *Id.* at 5.

On March 17,[1] 2025, Plaintiff filed a Motion for Leave to Amend, ECF No. 62, a proposed Particularized Complaint, ECF No. 61, and a Motion to Exceed 20 Pages, ECF No. 63. Defendants

---

[1] The relevant docket entry reflects a filing date of March 24, 2025; however, the records reflect that Plaintiff's submissions were received to the Court's mail room on March 17, 2025. The Court accordingly uses March

3

filed oppositions to Plaintiff's Motion for Leave to Amend, ECF Nos. 64, 65, and on April 17, 2025, Magistrate Judge Colombell entered the now-challenged Memorandum Order denying Plaintiff's Motions and directing Plaintiff to file a Second Particularized Complaint, ECF No. 66. Plaintiff filed the instant Motion to Vacate, Motion for Appointment of Counsel, and Motion to Stay on May 13, 2025. On May 16, 2025, Defendants Triplett and Powell filed a Response in Opposition to the three pending Motions. ECF No. 70. The Court does not find either full briefing or oral argument to be necessary and so deems the matters ripe for decision.

## II. ANALYSIS

### A. Motion to Vacate

In his Motion to Vacate, Plaintiff presents two objections to Judge Colombell's Memorandum Order. First, he argues that he did not consent to magistrate judge jurisdiction in this case, and as a result, Magistrate Judge Colombell was without authority to enter the ruling he did in the Memorandum Order, insofar as it constituted (according to Plaintiff) "final judgment on the pleadings." Mot. Vacate 1, ECF No. 67. Second, he argues that Judge Colombell "fail[ed] to treat the Plaintiff as a *pro se* plaintiff[,] holding him to standards even other attorneys have not been held to." *Id.* Plaintiff is incorrect on both fronts.

While the Court acknowledges that Plaintiff did not consent to magistrate judge jurisdiction in this case, that fact is irrelevant in the present context. Even absent consent to full magistrate judge jurisdiction, pursuant to 28 U.S.C. § 636, a district judge may authorize a magistrate judge to enter non-dispositive orders. 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any such non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

---

17, 2025, as the filing date, and deems the submissions timely received in accordance with the Court's thirty-day deadline.

4

Plaintiff's erstwhile interpretation of both the Magistrate Judge's Memorandum Order and § 636 to the contrary, the Magistrate Judge in this case did not enter a final judgment outside of his statutory authority to do so. While Judge Colombell's Memorandum Order certainly pertained to pleadings, insofar as it assessed Plaintiff's Particularized Complaint against the requirements imposed by this Court in its earlier Memorandum Order, ECF No. 60, it was not a ruling on a "*motion* . . . for judgment on the pleadings," which is a *dispositive* action precluded (among others) from magistrate judge-designation by 28 U.S.C. § 636(b)(1)(A). *See, e.g.*, Fed. R. Civ. P. 12(c) (describing the specific procedural mechanism that is a motion for judgment on the pleadings). Thus, the Court rejects Plaintiff's argument that the Magistrate Judge should have issued a report and recommendation for this Court's review and finds that the issuance of the Memorandum Order was not contrary to law.

Moreover, the Court does not find that the Magistrate Judge's Memorandum Order was clearly erroneous for not construing Plaintiff's Particularized Complaint as liberally (or as leniently) as Plaintiff would have liked. In fact, the Magistrate Judge performed no legal construction of the Particularized Complaint at all. Rather, he simply held the Particularized Complaint up against the requirements set forth by this Court, particularly with respect to (1) the page limit; (2) organization; (3) articulating claims specific to each named defendant; and (4) referencing the specific factual paragraphs that support his claims for relief. Mem. Order 4–5, ECF No. 66. Based on this, the Magistrate Judge found Plaintiff's Particularized Complaint to once again be deficient. *Id.* And yet, despite the Court's prior warning that "failure to comply [with the requirements previously set forth] would result in dismissal of the action," Mem. Order 4, ECF No. 60, Magistrate Judge Colombell gave Plaintiff yet *another* opportunity to cure the

noted deficiencies, and directed him to file a Second Particularized Complaint within thirty days. Mem. Order 5, ECF No. 66.

Nothing about the Magistrate Judge's conclusions were clearly erroneous or contrary to law, as Plaintiff's Particularized Complaint did not in fact comply with this Court's prior Memorandum Order, ECF No. 60. Moreover, the Magistrate Judge's decision to deny Plaintiff's Motion to Exceed 20 Pages was likewise not clearly erroneous or contrary to law, as this Court had previously imposed the page limit to ensure that Plaintiff presented his claims in as clear a manner as possible, to properly provide each Defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nothing more is needed in a complaint, and the Court does not find that this page limit deprives Plaintiff of any ability to state a claim. *E.g.*, *T.W. v. Hanover Cnty. Pub. Schs.*, 900 F. Supp. 2d 659, 665 (E.D. Va. 2012) ("A court must provide leeway to a *pro se* plaintiff, but this 'leeway must be tempered to require the Plaintiff to comply with . . . the pleading requirements of Rule 8.'" (quoting *Davis v. Bacigalupi*, 711 F. Supp. 2d 609, 615 (E.D. Va. 2010))). Accordingly, Plaintiff's objections will be overruled, and the Motion to Vacate will be denied.

**B. Motion for Appointment of Counsel**

In his Motion for Appointment of Counsel, Plaintiff indicates that he

has done his best to file a Particularized complaint reducing it down to less than half what it was before. If the Court agrees with the Magistrate [sic[2]] that the

---

[2] The title "magistrate" no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, Pub. L. No. 101-650, §321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). *See* Ruth Dapper, A Judge by Any Other Name? Mistitling of the United States Magistrate Judge, 9 Fed. Courts L. Rev. 1, 5-6 (2015). Accordingly, the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the type of judge to which one is referring. The case law also sometimes uses the term "magistrate," perhaps because some cases may involve "magistrates" as defined under pertinent state law or because the case law predates the 1990 change in title, but at other times just out of carelessness in reference to federal magistrate judges. In the latter case, it is the equivalent of calling a district judge "district," a bankruptcy judge "bankruptcy," a circuit judge "circuit." Thus, the correct salutation is either "Magistrate Judge" or simply "Judge." *See* 28 U.S.C. § 631.

> Particularized complaint is beyond simple distillation but claims do exist and it is just to[o] complicated for the Plaintiff to do any better. Then Plaintiff request the Court appoint counsel so that justice can prevail.

Mot. Appoint Counsel 1, ECF No. 68 (spelling corrected). Plaintiff's claims are not complicated. However, he has refused to provide a short plain and plain statement of the facts and his claims. *See* Fed. R. Civ. P. 8(a).

As explained to Plaintiff previously, *see* Omnibus Mem. Op. 1, ECF No. 53, counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances, *see Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001). The Court has reviewed Plaintiff's submissions and determines that this action presents no complex issues or exceptional circumstances. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent himself in the action. Plaintiff must simply follow the Court's very specific directions in filing a second particularized complaint. Accordingly, the Motion for Appointment of Counsel will be denied without prejudice. Plaintiff remains free to refile such a request in the future if a party files a motion for summary judgment. *See Jenkins v. Woodard*, 109 F.4th 242, 247–51 (4th Cir. 2024) (analyzing when it is error not to appoint counsel).

**C. Motion to Stay**

Lastly, in his Motion to Stay, Plaintiff asks that the Court stay enforcement of the thirty-day deadline to file a Second Particularized Complaint imposed by Judge Colombell's Order. Mot. Stay, ECF No. 69. Because Plaintiff filed the instant Motion mere days before his thirty-day filing deadline expired, even if the Court granted the Motion and stayed the running of that deadline during the pendency of the instant Motion, the time remaining for Plaintiff to file a Second Particularized Complaint would not reasonably allow for such filing at this stage. Accordingly, out of deference to Plaintiff's *pro se* status, the Court will grant Plaintiff an additional thirty days

7

to comply with the Magistrate Judge's Order, ECF No. 66. In light of such extension, the Court will deny as moot Plaintiff's Motion to Stay.

## III.  CONCLUSION

Based on the foregoing, the Court will deny the Motion to Vacate, finding that the Magistrate Judge's Memorandum Order was properly issued and neither clearly erroneous nor contrary to law. The Court will also deny the Motion for Appointment of Counsel and deny as moot the Motion to Stay.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Roderick C. Young
United States District Judge

Date:  May 21, 2025
Richmond, Virginia